Joshua A. Burt (SBN 22302)
Law Office of Joshua A. Burt
8133 Medford Street
Ventura, California 930304
Telephone: (805) 652-1211
Facsimile: (805) 652-1212
Email: joshuaburt@burtlegal.com

Attorney for Plaintiff Carlene Thie

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLENE THIE, an Individual,<br><br>Plaintiff,<br><br>ANTHONY CHRISTOPHER, an Individual; MICHAEL VAN EATON, an Individual; and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL COPYRIGHT INFRINGEMENT;**<br>**(2) FEDERAL CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br><br>**JURY TRIAL DEMANDED** |

Defendant and Plaintiff Carlene Thie alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et* seq. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332 and 1338.

2. Venue in this Judicial District is proper under 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b), (c), and (d).

## THE PARTIES

3. Plaintiff Carlene Thie (hereinafter referred to as "Ms. Thie") owns several registered copyrights for the works of her grandfather, world renowned Disney photojournalist Mell Kilpatrick. Mell Kilpatrick was one of the first photographer hired to take photographs of Disneyland as it was constructed and when it first opened. He photographed the famed

COMPLAINT
- 1 -

amusement park for many years. As part of his agreement with Disney, Mr. Kilpatrick was permitted to retain all copyrights to his photographs, which later were exclusively transferred to his daughter, Ms. Thie.

4. Defendant Anthony E. Chirstopher (hereinafter referred to as "Mr. Christopher") is an individual residing and doing business in the County of Los Angeles. Plaintiff is informed and believes and on that basis alleges that Mr. Christopher is in the business, among other things, of reprinting and selling the copyrighted images described above at trade shows, online and at auction, among other venues.

5. Defendant Michael Van Eaton (hereinafter referred to as "Mr. Van Eaton") is an individual residing and doing business in the County of Los Angeles. Plaintiff is informed and believes and on that basis alleges that Mr. Van Eaton is in the business, among other things, of accepting the infringing photographic property for the purpose of further reprinting and selling at trade shows, online and at auction, among other venues.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 51 through 100, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named Defendant is responsible in some way for the acts, occurrences, and events alleged in this Complaint and is liable to Plaintiff therefore

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### The Photographs

7. Several years ago, Ms. Thie discovered that someone had broken into the garage and stolen the valuable photographs, negatives and photo-albums of Disneyland that her grandfather, Mell Kilpatrick had created and left to Ms. Thie.

8. Over the year, Ms. Their has published these images in various books including:

    a. Disneyland's Early Years Through the Eye of a Photographer;

      b.   Disneyland Seen Through a Photographer's Lens;

      c.   A Photographer's Life With Disneyland Under Construction;

      d.   Homecoming Destination Disneyland; and

      e.   Disneyland… The Beginning.

9.   Ms. Thei has obtained registered copyrights in these images as follows:

      a.   VAu544-670, effective date of 12/10/2001

      b.   VAu544-214, effective date 1/22/2002

      c.   VA 1-385-155, effective date 8/22/2005

      d.   VA 1-215-081, effective date 7/31/2003

      e.   VA 1-215-082, effective date 7/31/2003

10.   In 2013, after many years of investigation and suspicion, was finally able to see evidence that Mr. Christopher had possession of and was selling the negatives and some original photographs from the collection that was stolen from Ms. Thie years earlier.

11.   At the same time as he was selling Ms. Thie personal property, Mr. Christopher was printing copies of the negatives and reselling the copied images. Mr. Christopher was also posting the images online and otherwise duplicating the copyrighted images.

12.   Ms. Thie then also discovered that Mr. Van Eaton was also duplicating the copyrighted images and selling them to the public. He advertised the images online and in print. Mr. Christopher had provided the negatives and photographs to Mr. Van Eaton for copying and sale.

13.   Ms. Thie informed Messrs. Christopher and Van Eaton of the willful infringement and demanded that they stop reproducing and selling the images. She further demanded the return of the stolen property.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants for Copyright Infringement)**

14.   Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 though 13 of this Complaint as though fully set forth herein.

15. All Defendants knowingly infringed the above copyrights by directly copying the negative images or the photographs without Ms. Thie's consent.

16. By reason of Defendants' willful infringement and threatened continued infringement, Ms. Thie has sustained and will continue to sustain substantial injury, loss and damage to her ownership rights in the copyrighted works.

17. Further irreparable harm to Ms. Thie is imminent as a result of Defendants' conduct, and Ms. Thie is without an adequate remedy at law. Ms. Thie is entitled to an injunction restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

18. Ms. Thie is further entitled to recover from Defendants the damages sustained by Ms. Thie as a result of Defendants' acts of copyright infringement. Ms. Thie is at present unable to ascertain the full extent of the monetary damage she has suffered by reason of Defendants' acts of copyright infringement, but Ms. Thie is informed and believes, and on the basis of such information and belief alleges, that she has sustained such damage in an amount exceeding $1,500,000.

19. Ms. Thie is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Ms. Thie is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but Ms. Thie is informed and believes, and on the basis of such information and belief alleges, that Defendants have obtained such gains, profits and advantages in an amount exceeding $1,500,000.

20. Ms. Thie is further entitled to statutory damages and increased statutory damages pursuant to 17 U.S.C. §504.

## SECOND CLAIM FOR RELIEF

**(Against All Defendants for Contributory Copyright Infringement)**

21. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 though 20 of this Complaint as though fully set forth herein.

22. Ms. Thie is informed and believes, and on the basis of such information and belief alleges, that each Defendant, with knowledge of the infringing activities of the other Defendants, induced, caused, or materially contributed to the infringing conduct of the other Defendants. Such conduct includes, but is not limited to: (1) providing negatives and photographs to the other for reprinting, scanning and/or posting on the internet; and (2) providing to the other the means to reprint, scan or post the images on the internet.

23. Ms. thie is informed and believes, and on the basis of such information and belief alleges, that each Defendant obtained financial benefit from the infringement of the other Defendants.

24. By reason of Defendants' willful infringement and threatened continued infringement, Ms. Thie has sustained and will continue to sustain substantial injury, loss and damage to her ownership rights in the copyrighted works.

25. Further irreparable harm to Ms. Thie is imminent as a result of Defendants' conduct, and Ms. Thie is without an adequate remedy at law. Ms. Thie is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

26. Ms. Thie is further entitled to recover from Defendants the damages sustained by Ms. Thie as a result of Defendants' acts of contributory copyright infringement. Ms. Thie is at present unable to ascertain the full extent of the monetary damage she has suffered by reason of Defendants' acts of copyright infringement, but Ms. Thie is informed and believes, and on the basis of such information and belief alleges, that she has sustained such damage in an amount exceeding $1,500,000.

27. Ms. Thie is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of contributory copyright infringement. Ms. Thie is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of contributory copyright infringement, but Ms.

Thie is informed and believes, and on the basis of such information and belief alleges, that Defendants have obtained such gains, profits and advantages in an amount exceeding $1,500,000.

28. Ms. Thie is further entitled to statutory damages and increased statutory damages pursuant to 17 U.S.C. §504.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

1. On all claims for relief, for damages in an amount to be proved at trial, plus interest;

2. On all claims for relief, for the amount of Defendants' wrongful profits and/or statutory damages, including increased statutory damages for willful infringement, in accordance with 17 U.S.C. § 504, plus interest;

3. On all claims for relief, for a preliminary and permanent injunction restraining and enjoining Defendants and their respective officers, agents, employees, partners, subsidiaries, attorneys and representatives, and all those acting or attempting to act in concert with them, from directly or indirectly:

    a. Selling, offering for sale, manufacturing, distributing, advertising, promoting, marketing, or otherwise placing into the market any infringing images:

    b. Creating, selling, offering for sale, manufacturing distributing, advertising, promoting, marketing, or otherwise placing into the market any other product that infringes Plaintiff's copyrights;

    c. Creating, selling, offering for sale, manufacturing, distributing, advertising, promoting, marketing, or otherwise placing into the market any other product that infringes Plaintiff's copyrights;

    d. Contributing to the infringing activities of others as described in a, b, and c above; and

    e. Inducing others to infringe as described in a, b, and c above.

4. On all claims for relief, for Plaintiff's attorneys' fees;

5. On all claims for relief, for costs of suit herein; and

6. On all claims for relief, for such other and further relief as the Court may deem just and proper.

Dated: October 26, 2017         Law Office of Joshua A. Burt


                                By:    /s/ Joshua A. Burt                        ,
                                       Joshua A. Burt, Esq.
                                       Attorney for Plaintiff Carlene Thie

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: October 26, 2017         Law Office of Joshua A. Burt


                                By:    /s/ Joshua A. Burt                        ,
                                       Joshua A. Burt, Esq.
                                       Attorney for Plaintiff Carlene Thie