| Case No. | CV 17-7841 FMO (ASx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Carline Thie v. Anthony Christopher, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal Re: Lack of Prosecution

The court has reviewed plaintiff's Application for Order and Publication of Summons (Dkt. 18, "Application") in which plaintiff seeks an order allowing her to serve defendant Anthony Christopher ("Christopher") by publication pursuant to California Code of Civil Procedure § 415.50. (See id. at 3). Plaintiff also seeks additional time within which to serve Christopher.

Rule 4(e) provides in relevant part that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). California law, in turn, provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in" in Article 3 of the California Code of Civil Procedure. Cal. Code Civ. P. 415.50(a); THC-Orange County Inc. v. Valdez, 2017 WL 2171185, *1 (N.D. Cal. 2017). "Because of due process concerns, service by publication must be allowed only as a last resort." Felix v. Anderson, 2015 WL 545483, *2 (N.D. Cal. 2015) (internal quotation marks omitted).

Plaintiff has not shown that she has exhausted other means of serving Christopher. (See, generally, Dkt. 18, Application). For instance, plaintiff has not shown that she attempted to serve Christopher pursuant to California Code of Civil Procedure § 415.30. (See, generally, id.). Since service by publication should be permitted as a last resort given that it rarely results in actual notice, see Watts v. Crawford, 10 Cal.4th 743, 749 n. 5 (1995) ("Before allowing a plaintiff to resort to service by publication, the courts necessarily require [it] to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.") (internal quotation marks omitted); Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 332 (1978) (Service by publication should be employed "as a last resort"), the court will deny plaintiff's application to the extent it seeks an order allowing service by publication.

Moreover, while plaintiff's process server made multiple attempts to serve Christopher at his residence, the court notes that plaintiff did not begin attempting service until December 23,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7841 FMO (ASx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Carline Thie v. Anthony Christopher, et al. | | |

2017, (see Dkt. 18-1, Exh. A at 51[1]), approximately two months after plaintiff initiated the instant action on October 26, 2017. (See Dkt. 1, Complaint). Given that Rule 4 requires a complaint to be served within 90 days of filing, the fact that plaintiff waited 60 days to begin to effect service of process is troubling and no doubt represents a lack of diligence on the part of plaintiff's counsel. Nonetheless, the court will grant plaintiff one last extension of time to serve Christopher.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Ex Parte Application **(Document No. 18)** is **denied in part** and **granted in part**. Plaintiff's Application is denied to the extent it seeks an order permitting service by publication. Plaintiff's Application is granted to the extent plaintiff seeks additional time to serve Christopher.

2. Plaintiff shall serve Christopher no later than **March 7, 2018**, and file a proof of service no later than **March 9, 2018**. Plaintiff is admonished that if a proof of service is not filed by March 9, 2018, this action shall be dismissed for failure to effect service, lack of prosecution and/or failure to comply with a court order. See Fed. R. Civ. P. 4(m) & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

3. The Order to Show Cause Re: Dismissal Re: Lack of Prosecution, is hereby continued pending compliance with paragraph two above.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[1] Citation to Exh. A refers to the ECF-generated page numbers.